

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 8, 1960

Honorable Robert H. Caldwell, Jr.
County Attorney
Denton County
Denton, Texas

Opinion No. WW-850

Re: Whether Denton County
can convey certain real
property for valuable
consideration directly
without following ad-
vertisement procedure
of Art. 1577, V.A.C.S.

Dear Mr. Caldwell:

Your request for our opinion as to the method which
may be followed by Denton County in conveying certain real
property reads in part as follows:

"On March 15, 1960, Price Daniel, Governor
of the State, acting pursuant to Article 6673a,
V.A.C.S., conveyed a tract of 2.06 acres of land
to Denton County, Texas. This land was originally
acquired by the County without cost to the State,
and the title was put in the State of Texas. It
is now abandoned right-of-way. The adjoining and
abutting owner to this 2.06 acre tract is a single
individual, and the County now desires to convey
this property to this adjoining owner for a valu-
able consideration, which is actually the exchange
or conveyance of certain properties of his to the
County, for road purposes.

"My question then, is: Can the County now
convey this 2.06 acres directly to the adjoining
and abutting owner, for the valuable consideration,
or must we go through the alternative procedure pro-
vided under Article 1577, as amended, of advertise-
ment and public auction."

Article 1577, V.A.C.S., as amended Acts 1953, 53rd
Leg., p. 447, ch. 133, provides for sale of any real estate of
the county by public auction with specific advertising require-
ments. The Act also states:

". . . Provided, however, that where abandoned right-of-way property is no longer needed for highway or road purposes and the county decides to sell said right-of-way property, it shall be sold with the following priorities: (1) to abutting or adjoining landowners; (2) to the original grantors, his heirs or assigns of the original tract from whence said right-of-way was conveyed; or (3) at public auction as provided above. . . ."

Under the facts you have stated, there is no constitutional problem raised. Attorney General Opinion S-93 (1953) held that the part of Art. 1577, as amended, which grants priorities of purchase to certain persons to purchase real estate from a county is valid insofar as it purports to cover abandoned highway right-of-way conveyed by the State to a county.

Art. 1577, as amended, sets up priorities by which abandoned highway right-of-way can be sold. This statute requires a public auction with specific advertising requirements only in case such real estate is not to be sold "(1) to abutting or adjoining landowners;" or "(2) to the original grantors, his heirs or assigns. . . ."

It is our opinion that abandoned highway right-of-way conveyed by the State to a county in accordance with Article 6673a, V.A.C.S., may be sold to an abutting or adjoining landowner pursuant to Article 1577, as amended, V.A.C.S., without following those provisions of said statute which provide for advertisement and public auction.

## SUMMARY

Abandoned highway right-of-way conveyed by the State to Denton County may be sold to an abutting or adjoining landowner without following the provisions in Art. 1577, V.A.C.S., providing for advertisement and public auction.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Joe A. Osborn
Assistant

JAO:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jack Goodman
R. V. Loftin, Jr.
Phocion Park
Iola B. Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY:
      Leonard Passmore